UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



SAMANTHA VANTERPOOL :
Annandale, Virginia 22003, :
:
    Plaintiff, :
:
v. :Civil Action No. 3:13CV513
:
KENNETH T. CUCCINELLI, II, :
ATTORNEY GENERAL FOR THE :
COMMONWEALTH OF VIRGINIA :
IN HIS INDIVIDUAL CAPACITY :
900 Main Street :
Richmond, Virginia 23219 :
:
and :
:
CHARLES E. JAMES, Jr. :
IN HIS INDIVIDUAL CAPACITY :
200 South 10th Street, Suite 1600 :
Richmond, Virginia 23219 :
:
    Defendants. :

## COMPLAINT

NOW COMES the plaintiff, Samantha Vanterpool ("Vanterpool" or "Plaintiff"), and files her Complaint for violation of her First Amendment rights, and states as follows:

### I. INTRODUCTION

1. The Plaintiff, Samantha Vanterpool, by her attorneys, Richard E. Patrick, and the law firm of Jordan, Patrick & Cooley, LLP, brings this action seeking damages against Defendants Kenneth Cuccinelli, Attorney General of Virginia, and Charles E. James, Jr., former Chief Deputy Attorney General of Virginia, for committing violations of the First Amendment to the U.S. Constitution as guaranteed by The Civil Rights Act of 1871, 42 U.S.C. § 1983.

2. Plaintiff seeks compensatory and punitive damages, where applicable, and injunctive and declaratory relief to secure the protection of and redress the deprivation of rights granted to her by the laws of the United States of America. She also seeks compensatory and punitive damages, where applicable, attorneys' fees and costs for violations of rights secured under the Constitution of the United States of America.

## II. JURISDICTION

3. The jurisdiction of this Court over these parties and this action is invoked under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343 (4), this being an action authorized by law to redress the deprivation of a civil right.

## III. VENUE

4. Venue is proper with this Court because the cause of action arose in this District.

## IV. PARTIES

5. Plaintiff, Samantha Vanterpool, is a citizen and resident of the Commonwealth of Virginia and of the United States of America, residing in Annandale, Virginia 22003, Fairfax County.

6. Kenneth Cuccinelli, II is the Attorney General of The Commonwealth of Virginia. His Office is located at 900 Main Street, Richmond, Virginia 23219. The power to hire and fire assistant attorneys general is vested in him as a Constitutional Officer occupying the position as Attorney General. Mr. Cuccinelli agreed with, concurred with, condoned and upheld the Plaintiff's termination.

7. At all relevant times, Charles E. James, Jr., was appointed to serve as the Chief Deputy Attorney by Mr. Cuccinelli and vested him with the power and authority to manage the Office of the Attorney General ("OAG" or "AG's Office"), including the attorneys and staff who work in the Richmond and satellite offices. Mr. James initiated and managed the termination of the Plaintiff.

## V. STATEMENT OF FACTS

8. In November of 2006, the Plaintiff was appointed by Mr. Cuccinelli's predecessor to serve as an Assistant Attorney General. Plaintiff worked in the main office in Richmond and handled issues dealing with legal education issues.

9. Throughout her tenure with the Office of Attorney General, Ms. Vanterpool's work performance was satisfactory, including her most recent evaluation, dated October 3, 2011, a copy of which is attached hereto as Exhibit 1.

10. On Friday, May 4, 2012, the Washington Post ran an article titled "Bill Bolling to Ken Cuccinelli: Have a nice, long trip" (Exhibit 2). The article discussed the political jockeying between the Attorney General and Lt. Governor Bill Bolling as they positioned themselves to secure the 2013 gubernatorial nomination of the Virginia Republican Party.

11. Four anonymous comments appeared in the comment section to this innocuous article. One of the comments, dated Saturday, May 4, 2012, was written by a person using the handle "bz_bzsammy" The comment stated as follows:

> Love it! Let the egomaniac [referring to the Attorney General] take the BS out of state. While Bolling is helping the GOP, Cuccinelli is promoting Cuccinelli. For example, he is NEVER in the AG's office and solely uses the position for self promotion. He has issue [sic] a policy that NO AG employee can talk to the

media about anything at anytime. To date, he hasn't endorsed Romney. Good job Ibbie! (Exhibit 2).

12. On or about May 15, 2012, Mr. James called the Plaintiff into his office to discuss, what Mr. James termed violations of OAG's policies involving outside communications by the Plaintiff. Mr. James called the meeting with the Plaintiff because an employee of the AG's Office, responsible for researching and compiling all information related to the Attorney General, in his capacity as Virginia's top law enforcement, came across the article and the comments in the Washington Post. That staff person erroneously concluded that the handle "bzbz_sammy" was connected to the Plaintiff, and informed Mr. James of her conclusions.

13. In a letter to the Plaintiff, dated May 17, 2012, a copy of which is attached hereto as Exhibit 2, Mr. James charged the Plaintiff with violating Section III (1) and( 17) of the Standards of Conduct (copy attached as Exhibit 3) and the Media Policy (copy attached as Exhibit 4).

14. Section III (1) of the Standards of Conduct charged the Plaintiff with noncompliance with any policy, procedure and/or protocol promulgated by the Office of the Attorney General. Neither in his May 12 letter nor during the meeting with the Plaintiff did Mr. James tell the Plaintiff specifically what policy, procedure or protocol she violated. Contrary to Mr. James's assertions, the Plaintiff had not and did not violate any protocol, procedure or policy of the AG's Office.

15. Section III (17) of the Standards of Conduct state that disciplinary action may be taken against an employee for "dishonesty, including but not limited to falsification or alteration of office documents, records, and reports." Mr. James did not specify the dishonesty in which the Plaintiff allegedly engaged.

16. The AG Office's media policy prohibits, among other things, giving interviews with reporters, without prior approval from the AG Office. Even assuming that the Plaintiff had made the comments as alleged, the comments do not amount to answering questions posed by a reporter or sitting for an interview with the media. The alleged comment simply did not violate the OAG's media policy.

17. Following the Plaintiff's meeting with Mr. James, Plaintiff was relieved of her duties and terminated on June 1, 2012 with the knowledge, confirmation and acquiescence of Attorney General Cuccinelli.

18. Despite the Plaintiff's repeated insistence that her rights were being violated and that she should be reinstated to her job, the Attorney General took no action to remedy the violation of the Plaintiff's rights or to reinstate Plaintiff to her job. As of the filing of this Complaint, the Plaintiff still has not been reinstated to her job.

19. Instead, a few weeks later, Mr. James abruptly announced his resignation as Chief Deputy Attorney, ostensibly to avoid the political fallout of his unlawful and unconstitutional actions.

20. In part, the Attorney General's duties require him to protect and defend the Constitution of the United States. Inter alia, the Attorney General is expected to comport with the Supreme Court's ruling in cases such as Pickering v. Board of Ed, 391 U.S. 563 (1968), Waters v. Churchill, 511 U.S. 661 (1994), and Garcetti v. Ceballos, 547 U.S. 410 (2006)

## VI. STATEMENT OF COUNTS

### COUNT I

**Retaliation for Exercise of Free Speech Rights as
Protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983
Against Defendants Cuccinelli and James in Their Individual Capacities**

21. Plaintiff re-pleads and re-alleges Paragraphs 1-20 above as if fully set forth, and in addition, states that the facts as alleged above constitute a violation of 42 U.S. C. §1983, which protects against deprivation of rights secured by the First Amendment, which rights were violated when the Plaintiff was terminated for allegedly making negative comments in connection with the above-noted Washington Post article, to which the comments were appended.

22. Mr. James alleged that on or about May 5, 2012, Ms. Vanterpool allegedly made negative statements about Attorney General Cuccinelli in a Washington Post Blog, appended to an article about the Attorney General and Lt. Gov. Bill Bolling.

23. The alleged comments, accompanying the Washington Post article, about the Attorney General's performance of his duties qualify as matters of public concern by a private citizen. At that time, the Attorney General (Mr. Cuccinelli) and the Lt. Governor were vying for

the gubernatorial nomination of the Virginia Republication party. Therefore, Mr. Cuccinelli had a vested interest in making sure that he did not receive any negative press.

24. The alleged comments did not and would not have interfered with the Office of the Attorney General's ability to provide effective and efficient services to the public.

25. On June 1, the Plaintiff was terminated by the OAG for allegedly violating Office personnel policies. This termination came occurred less than a month after the OAG alleged that Ms. Vanterpool made negative comments about Mr. Cuccinelli in a Washington Post blog.

26. The alleged comments were the only factor in the decision to terminate Ms. Vanterpool. Defendants would not have enabled the termination of, or terminated the Plaintiff's employment absent her protected conduct.

27. Defendants Messrs. Cunccinelli and James undertook the termination of Ms. Vanterpool under color of state law.

28. Defendants' actions violated federal law, specifically 42 U.S.C. § 1983 and the First Amendment of the United States Constitution

29. Defendants acted in callous or reckless indifference to the constitutional rights of the Plaintiff.

30. At the time the Defendants terminated the Plaintiff, it was clearly settled law that the Plaintiff had the constitutional right to speak out about matters of public concern by commenting on an article about an internal rift between two prominent politicians, the Attorney General and Lt. Gov. Bill Bolling, who were both seeking the 2013 gubernatorial nomination of the Virginia Republican Party, which was eventually won by Mr. Cucinnelli.

31. In light of Pickering v. Board of Ed, 391 U.S. 563 (1968), Waters v. Churchill, 511 U.S. 661 (1994), Garcetti v. Ceballos, 547 U.S. 410 (2006) and McVey v. Stacy, 157 F. 3d 271 (4th Cir. 1998), neither Mr. Cuccinelli nor Mr. James could have reasonably believed that they were acting constitutionally when they terminated the Plaintiff for making the alleged comments about Mr. Cuccinelli in a Washington Post blog.

32. As a result of Defendants' violation of federal law, Plaintiff Vanterpool has suffered economic and non-economic damages, including lost salary, emotional distress and reputational harm, and will continue to suffer such harms.

## VIII. PRAYER FOR RELIEF

33. Wherefore, Plaintiff prays for a judgment in her favor and against the defendant, and that the following relief be awarded to the plaintiff:

1) Issue a preliminary and permanent injunction:

(a) Prohibiting defendant, its agents and employees and those acting in concert with them from engaging in any other acts or practices shown to discriminate against the plaintiff and similarly- situated individuals;

2) Reinstatement

3) Front pay and back pay

4) On Count I for violation of First Amendment Rights as Protected by 42 U.S.C. § 1983, against all defendants severally and individually, compensatory damages in the amount of $500,000 and punitive damages against the individual defendants in the amounts as found by a jury.

5) Attorney's fees and costs.

6) Plaintiff is entitled to an award of punitive damages for malicious, willful, intentional and reckless conduct of the individual defendant.

7) Grant such additional relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby demands a jury trial on each to which she is entitled to jury trial.

Respectfully submitted,

SAMANTHA VANTERPOOL
By Counsel

JORDAN, PATRICK & COOLEY, LLP

By: _____
Richard E. Patrick, VSB #25293
JORDAN, PATRICK & COOLEY, LLP
10560 Main Street
Suite 310
Fairfax, Virginia 22030
(703) 865-8699-Telephone
(703) 865-8729-Facsimile
rpatrick@jpcattorneys.com